AMERICAN ASSOCIATION OF UNIVERSITY
PROFESSORS, ET AL.,

        Plaintiffs–Appellees,

    v.

MARCO RUBIO, ET AL.,

        Defendants–Appellants.

Nos. 26-1141 &
26-1195

## PLAINTIFFS–APPELLEES' RESPONSE TO MOTION FOR AN EXTENSION OF TIME

Plaintiffs–Appellees oppose Defendants' motion for an extension of time.

Defendants have not shown "good cause" sufficient to justify an extension to the

ordinary period for filing their principal brief. Fed. R. App. P. 26(b). They cite

nothing beyond the routine demands of appellate litigation. In the meantime,

Plaintiffs–Appellees and their members continue to suffer irreparable harm in the

absence of an injunction. *See Am. Ass'n of Univ. Professors v. Rubio*, 802 F. Supp.

3d 120, 178–80, 194 (D. Mass. 2025) (describing the far-reaching and ongoing chill

caused by the Policy and Defendants' coercive threats); Memorandum and Order,

*Am. Ass'n of Univ. Professors v. Rubio*, No. 1:25-cv-10685 (D. Mass. Mar. 11,

2026), ECF No. 330 at 5–6, 17–19 (noting the irreparable nature of these injuries);

*see also Asociación de Educación Privada de P.R., Inc. v. Garcia-Padilla*, 490 F.3d

1, 21 (1st Cir. 2007) (recognizing that the "loss of First Amendment freedoms, for

even minimal periods of time, unquestionably constitutes irreparable injury" (quoting *Elrod v. Burns*, 427 U.S. 347, 373 (1976))).

This case involves a challenge to Defendants' policy of targeting noncitizen students and faculty for arrest, detention, and deportation on the basis of their constitutionally protected pro-Palestinian expression (the "Policy"). After a nine-day trial, the district court issued extensive findings of fact, concluding that Defendants indeed have an "enforcement policy" of targeting pro-Palestinian protesters in this way, 802 F. Supp. 3d at 175, 189, but it stopped short of issuing an injunction. In their cross-appeal, Plaintiffs–Appellees intend to argue that the declaratory and APA relief granted by the district court—and currently in effect—are insufficient to fully remedy the chill caused by the Policy and the associated coercive threats. *See* Pls.' Mot. for Remedies Against Defs., *Am. Ass'n of Univ. Professors v. Rubio*, No. 1:25-cv-10685 (D. Mass. Nov. 10, 2025), ECF No. 277 at 5–7. Indeed, notwithstanding the relief granted by the district court, Defendants continue to target noncitizens with adverse immigration consequences on the basis of speech protected by the First Amendment, including the very kind of speech at issue in this case. *See* Hamed Aleaziz & Nicholas Nehamas, *Under Trump, Green Card Seekers Face New Scrutiny for Views on Israel*, N.Y. Times (Apr. 25, 2026), https://perma.cc/TXB9-UDZD.

Respectfully, Plaintiffs–Appellees request this Court deny Defendants' motion to prevent any delay in the consideration of the appeal and the cross-appeal.

April 29, 2026

Respectfully submitted,

/s/ Xiangnong Wang

Edwina Clarke
David Zimmer
Zimmer, Citron & Clarke, LLP
130 Bishop Allen Drive
Cambridge, MA 02139
(617) 676-9423
edwina@zimmercitronclarke.com

Xiangnong Wang
Ramya Krishnan
Stephany Kim
Raya Koreh
Carrie DeCell
Scott Wilkens
Alex Abdo
Jameel Jaffer
Knight First Amendment Institute
 at Columbia University
475 Riverside Drive, Suite 302
New York, NY 10115
(646) 745-8500
george.wang@knightcolumbia.org

Noam Biale
Michael Tremonte
Alexandra Conlon
Courtney Gans
Sher Tremonte LLP
90 Broad Street, 23rd Floor
New York, New York 10004
(212) 202-2603
mtremonte@shertremonte.com
nbiale@shertremonte.com

Ahilan T. Arulanantham
Professor from Practice
UCLA School of Law
385 Charles E. Young Dr. East
Los Angeles, CA 90095
(310) 825-1029
arulanantham@law.ucla.edu

*Counsel for Plaintiffs–Appellees*

**CERTIFICATE OF COMPLIANCE**

I, the undersigned counsel, certify that the foregoing response complies with the type-volume limitation pursuant to Fed. R. App. P. 27(d)(2)(A) because it contains 397 words, excluding the portions exempted by Fed. R. App. P. 32(f). The response complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this response has been prepared in a proportionally spaced typeface using Microsoft Word in Times New Roman 14-point type.

Dated: April 29, 2026                                      /s/ Xiangnong Wang

**CERTIFICATE OF SERVICE**

I, the undersigned counsel, certify that on April 29, 2026, I electronically filed the foregoing response in the United States Court of Appeals for the First Circuit using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

Dated: April 29, 2026          /s/ Xiangnong Wang