# In the United States Court of Appeals for the First Circuit

AMERICAN ASSOCIATION OF UNIVERSITY PROFESSORS, *ET AL.*,

*Plaintiffs - Appellees,*

v.

MARCO RUBIO, IN HIS OFFICIAL CAPACITY AS SECRETARY OF STATE, *ET AL.*,

*Defendants - Appellants.*

*On Appeal from the U.S. District Court
for the District of Massachusetts
Docket No. 1:25-cv-10685-WGY*

**REPLY IN SUPPORT OF MOTION
FOR AN EXTENSION OF TIME TO FILE PRINCIPAL BRIEF**

The parties seem to agree that this is a case of great moment. Along those lines the government seeks an extension, not for delay, but to ensure it provides the Court with the complete briefing critical for it to reach its decision in such a significant case.

Plaintiff-Appellees have not shown that they would be unduly prejudiced by a 30-day extension of time. To begin, while this Court stayed Part IV of the district court's Annotated Judgment, it did not stay the remainder of the Judgment including Part I, entering judgment for the

Plaintiffs, Part II, declaring the conduct violative of the First Amendment and the Administrative Procedures Act, and Part III, vacating and setting aside the government action under the APA. *Am. Assoc. of Univ. Prof. v. Rubio*, 2026 WL 524753, *1-3.

Plaintiff-Appellees' members' fears are based on a handful of actions taken against aliens who are unrelated to their organizations. And, notwithstanding the news article they attached to their opposition, they have still identified not one of their members who was targeted in retaliation for their speech. This is telling given that the witnesses they presented at trial had already spoken out in favor of Palestine or against Israel such that they should have been targeted under the putative "mode of enforcement." *See AAUP v. Rubio*, 802 F. Supp. 3d 120, 178 (2025) (finding Al-Ali "bears many of the traits that appear to make one ripe for targeting"). Indeed, one of their members, who did not testify at trial, while he spoke out vociferously, was granted citizenship after a short interview. Plaintiff-Appellees' speculative, inchoate fears do not show they would be unduly prejudiced by granting the government an extension of time to file the opening brief.

Respectfully submitted,

Brett A. Shumate
  *Assistant Attorney General*


 /s/ Paul F. Stone
PAUL F. STONE
 *Acting Chief, National Security Unit*

LINDSAY M. MURPHY
 *Deputy Chief, National Security Unit*
 *Office of Immigration Litigation*
 *Civil Division, U.S. Department of Justice*
 *Post Office Box 878, Ben Franklin Station*
 *Washington, D.C.  20044*
 *Telephone: (202) 305-9647*
 *Facsimile: (202) 307-8698*

APRIL 30, 2026        ATTORNEYS FOR RESPONDENT

<u>**CERTIFICATE OF COMPLIANCE**</u>

I certify that this motion complies with the type-volume limitation in Federal Rule of Appellate Procedure 27(a) because it contains 285 words, excluding the portions exempted by Federal Rule of Appellate Procedure 32(f).  The motion's type size and type face comply with Federal Rule of Appellate Procedure 32(a)(5) and (6) because it was prepared using Microsoft Word in Georgia 14-point font, a proportionally spaced typeface.

 /s/ Paul F. Stone
PAUL F. STONE
  *Department of Justice*

## CERTIFICATE OF SERVICE

I hereby certify that on April 30, 2026, I electronically filed the foregoing motion with the Clerk for the United States Court of Appeals for the First Circuit by using the appellate CM/ECF system. Participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

 /s/ Paul F. Stone
PAUL F. STONE
 *Department of Justice*